# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RTC INDUSTRIES, INC. | ) |
| | ) |
| Plaintiff, | ) Case No. 17-cv-3595 |
| | ) |
| v. | ) Judge Sharon Johnson Coleman |
| | ) |
| FFR MERCHANDISING, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

FFR Merchandising, Inc.'s motion to dismiss for failure to state a claim [18] is granted. Plaintiff's complaint is accordingly dismissed without prejudice. Plaintiff is granted leave to file an amended complaint within 30 days of this order that resolves the inadequacies identified herein.

## STATEMENT

Within this district, it has been recognized that *Twombly* and *Iqbal* require plaintiffs to plead sufficient facts supporting their infringement allegations with respect to each asserted patent claim. *Oil-Dri Corp. of America v. Nestle Purina Petcare Co.*, No. 15-cv-1067, 2017 WL 1197096, at *5 (N.D. Ill. Mar. 31, 2017) (St. Eve, J.); *see also Atlas IP, LLC v. City of Naperville*, No. 15-cv-10744, 2016 WL 3907029, at *3 (N.D. Ill. July 19, 2016) (Coleman, J.) ("Applying the ordinary analysis of *Twombly/Iqbal*, [the plaintiff] must plead that every limitation, or equivalent thereof, in the representative claim can plausibly be found in an accused product.").

> [F]actual allegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement—they are merely compatible with infringement. Because the failure to practice even a single element is all that separates innovation from infringement, there is always an obvious alternative explanation where a plaintiff does not allege facts about each element (although the format that those allegations take must depend on the complexity of the patent and the number of claims allegedly infringed). Indeed, given the investigation that Rule 11(b) requires before filing a complaint, it is difficult to imagine how

> an action for infringement could be brought without a tentative but nonetheless coherent theory of which claims are allegedly infringed and how the accused products practice—or . . . may practice—each of those claims' elements.

*Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016) (Shadur, J.)(internal citations omitted).

RTC Industries, Inc. makes no effort to establish that it has complied with these pleading requirements. Instead, it ignores the reasoning that led to these requirements and, relying on arguments that have already been raised and rejected within this district, attempts to argue that a lesser standard of pleading applies. The Court rejects that argument for the reasons that have been previously set forth in the multiple cases establishing the prevailing pleading standard in this district.

As a final matter, RTC Industries claims that its pleadings are sufficient, in part, because its complaint includes the internet address of a page on FFR's website. An internet address is a citation; it is not a document or evidence in its own right. Accordingly, a website identified by its internet address cannot be incorporated into a complaint in the same manner as documentary evidence. This is especially the case because, unlike paper documents, a website can be freely edited at will. The Court accordingly places the parties on notice that it will not consider online content in assessing the sufficiency of the parties' pleadings or future filings.

SO ORDERED.

SHARON JOHNSON COLEMAN
United States District Court Judge

DATED: 8/31/17