IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RTC INDUSTRIES, INC., | ) |
| | ) Case No. 17 C 3595 |
| Plaintiff, | ) |
| | ) District Judge Pacold |
| | ) |
| v. | ) Magistrate Judge Schenkier |
| | ) |
| FASTENERS FOR RETAIL, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now pending before the Court is plaintiff RTC Industries, Inc.'s ("RTC") motion to compel defendant Fasteners for Retail, Inc. ("FFR") to produce additional documents in response to Requests for Production ("RFP") Nos. 32 and 109 (doc. # 308: RTC's Mot.) Pursuant to the protocol set by the Court, RTC has filed with the motion the relevant document requests and responses, the Rule 37.2 letters the parties exchanged, and the court-reported transcript of the parties' meet and confer session held on November 20, 2019 (doc. # 309: Exs. to RTC's Mot.). For the following reasons, the motion is denied.

### I.

RFP No. 32 asks that FFR "produce all documents and things relating to the benefits, including marketing, financial, or strategic benefits, derived by FFR from the actual or potential sale or distribution of each of the Accused Products." RFP No. 109 asks that FFR produce a wide array of documents "sufficient to identify all orders for any product that FFR has been awarded by any customer of the Accused Products, dating back to the first sale for the Accused Product to that customer . . ." RTC claims that these requests seek information about "derivative or convoyed sales," which it contends are relevant to both lost profits and reasonable royalty damages (*See* RTC's Mot., Ex. A at 15). FFR does not dispute the relevance of convoyed sales to these measures of damages, but asserts that RTC's requests are overly broad, unduly burdensome, and not proportional to the needs of the case (FFR's Mot., Ex. B at 2-6). We conclude that FFR has the better of this argument.

### A.

"A 'convoyed sale' refers to the relationship between the sale of a patented product and a functionally associated non-patented product." *Am. Seating Co. v. USSC Grp., Inc.*, 514 F.3d 1262, 1268 (Fed. Cir. 2008). A patentee may recover lost profits on both the patented and non-patented product only if they "together were considered to be components of a single assembly

or parts of a complete machine, or they together constituted a functional unit." *Id.* (citation and quotation omitted). By contrast, the Federal Circuit "has not extended liability to include items that have essentially no functional relationship to the patented invention and that may have been sold with an infringing device only as a matter of convenience or business advantage." *Id.* (citation and quotation omitted).

Here, FFR says it has produced the requested information for "the universe of sales data conceivably related" to the Accused Products (RTC's Mot., Ex. C at 19). RTC says allowing FFR to decide what is conceivably related "unfairly limits us in discovery" (*Id.* at 20-21) and that "we're looking for essentially any unpatented product that was sold to a customer of an accused product" (*Id.* at 16). RTC's argument fails on two scores. *First*, parties responding to a discovery request routinely determine what information falls within the scope of a request and is relevant – as RTC no doubt has routinely done in responding to discovery requests. In the absence of some indication that FFR made an improper determination, which RTC fails to show, there is nothing "unfair" about FFR doing so here. *Second*, RTC's request for production of all sales of any product sold to an FFR customer that purchased an Accused Product, without any regard as to whether the other products are functionally related to the Accused Products, far exceeds the scope of what is relevant under governing Federal Circuit law for convoyed sales in connection with a lost profits claim.

**B.**

RTC fares no better in its assertion that the information it seeks is relevant and proportional to damages under a reasonable royalty theory. Convoyed or derivative sales may be relevant to the determination of a reasonable royalty. *See Minks v. Polaris Indus., Inc.*, 546 F.3d 1364, 1372 (Fed. Cir. 2008) ("[T]he sixth *Georgia-Pacific* factor looks to the effect of selling the patented specialty in promoting sales of other products of the licensee; that existing value of the invention to the licensor as a generator of sales of the licensee; and the extent of such derivative or convoyed sales") (internal alteration and quotations omitted). However, RTC has failed to show the applicability of that general proposition to this situation. As we explained above, RTC seeks discovery of information that does not fit the definition of convoyed sales set forth by the Federal Circuit in *American Seating Co.*, and RTC has offered nothing to support the proposition that the definition of that term in the context of a reasonable royalty analysis sweeps as broadly as it claims. Moreover, even if sales of products that are not functionally related to the patented product might be relevant to a reasonable royalty analysis in certain situations, this is not one of them. RTC has cited to no evidence that FFR's sales of accused products to customers provided the foot in the door that then allowed it to sell other, wholly unrelated products to those customers. Nor does RTC offer any explanation as to how the sales and financial data concerning the sales of those unrelated products would help show that FFR was able to make

those sales because of the sales of accused products. We are persuaded that the fishing expedition on which RTC wishes to embark would impose a significant burden on FFR (*see* RTC's Mot., Ex. B at 5-6 and Ex. C at 15) that is not warranted by the significance of what the expedition likely would catch.

SIDNEY I. SCHENKIER
United States Magistrate Judge

DATE: November 26, 2019