UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RTC INDUSTRIES, INC.,

      Plaintiff,

    v.

FASTENERS FOR RETAIL, INC.,

      Defendant.

No. 17 CV 3595

District Judge Pacold

Magistrate Judge McShain

**MEMORANDUM OPINION AND ORDER**

Now pending before the Court is defendant Fasteners for Retail, Inc.'s ("FFR") motion to preclude plaintiff RTC Industries, Inc., ("RTC") from relying on conception and reduction to practice dates identified in the narrative portion of RTC's fifth supplemental response to FFR's Interrogatory No. 2, which RTC served after the close of pre-claim construction fact discovery [482].[1] The motion is fully briefed pursuant to the Court's protocol [157]: the parties have exchanged Rule 37.2 letters [483, 483-1], conducted a court-reported meet and confer session [483-2], and filed supplemental briefs [494, 503, 508]. For the following reasons, the motion is granted.

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. As with prior orders and opinions issued in this case, if I must refer to a sealed document, I attempt to do so without revealing any information that could be reasonably deemed confidential. To the extent I discuss confidential information, however, I have done so because it is necessary to explain the path of the Court's reasoning. *See In re Specht,* 622 F.3d 697, 701 (7th Cir. 2010); *Union Oil Co. of Cal. v. Leavell,* 220 F.3d 562, 568 (7th Cir. 2000).

## Background

### A. FFR's Motion to Compel

The Court's adjudication of an earlier discovery motion filed by FFR, regarding RTC's initial and four supplemental responses to FFR's Interrogatory No. 2, provides necessary background to the pending motion.

On August 25, 2017, FFR served Interrogatory No. 2 on RTC, asking that, for each asserted claim of the patents in suit, RTC "describe in detail the facts and circumstances surrounding the first conception and first reduction to practice including the date of first conception and reduction to practice, and any alleged diligence between such conception and the respective reduction to practice." [483] 40. On October 9, 2017, RTC served its first response, which cited various design schematics and provided the following narrative statement:

> Subject to and without waiver of the foregoing general and specific objections, RTC responds as follows: Steve Hardy conceived of the merchandise display systems described and claimed in the patents-in-suit. Mr. Hardy conceived of and diligently reduced to practice these systems no later than the earliest filing dates for the patent applications that became the patents-in-suit.

[483] 48.

In its September 8, 2017 Preliminary Infringement Contentions, RTC had set forth the "earliest filing dates" to be September 2, 2011 for the '505, '132, and '321 patents and January 28, 2013 for the '957 patent. [483] 67-68.

Thereafter, RTC supplemented its response to Interrogatory No. 2 four times before the close of pre-claim construction discovery. On December 21, 2018, RTC supplemented the response with additional narrative information and, as relating to

2

these four patents, stated that Steve Hardy "conceived of and diligently reduced to practice the inventions claimed in" patents '505, '132, and '321 "no later than September 2, 2011," and inventions tied to patent '957 "no later than January 28, 2013." [483] 24-25. RTC served a second supplemental response on January 18, 2019 that added no further narrative information but cited its production of 11 Bates numbers, in accordance with Federal Rule of Civil Procedure 33(d), "from which FFR may derive or ascertain information responsive to" Interrogatory No. 2. [*Id.*] 25. On October 18, 2019, RTC served a third supplemental response, which added no narrative information but cited a further 182 Bates numbers. [*Id.*] 25-26. On November 25, 2019, one day before the close of pre-claim construction fact discovery, RTC served its fourth supplemental response. RTC offered no additional narrative information, but cited 17 more Bates numbers as part of its Rule 33(d) response. [*Id.*] 26-27.

RTC's fourth supplemental response prompted FFR to file a motion to compel RTC to supplement its response to Interrogatory No. 2. [416]. The motion concerned two of the Bates numbers cited in the November 25, 2019 supplement: RTC249871 and RTC249872. Each of those Bates numbers referred to a .prt CAD file that RTC produced in native format and that contained "several hundred unique drawings and several thousand components." [425] 3 (internal quotation marks omitted). In early January 2020, FFR initiated the Rule 37.2 process by sending a letter challenging the propriety of RTC's Rule 33(d) citation to RTC249871 and RTC249872 in lieu of a further narrative response to Interrogatory No. 2. According to FFR, RTC's reliance

on those voluminous files was "not specific enough to enable FFR to determine how RTC determined the alleged September 2, 2011 conception and reduction to practice date for the claims of the '505, '132, and '321 patents." [483] 8. In its response letter, RTC represented that "FFR does not need to review the documents to determine the conception and reduction to practice dates because, as FFR concedes, RTC already provided this information in its written response to Interrogatory No. 2." [417-1] 6.

The Court agreed with FTC and granted the motion:

[We] agree that FFR is entitled to know the specific information contained in RTC249871 and RTC249872 that RTC says is responsive to Interrogatory No. 2, and where that information may be found in those files. However, FFR is entitled to that information with respect to Interrogatory No. 2 as it is written, and not as FFR might, in hindsight, recast it. FFR served an open-ended interrogatory that, in relevant part, asked RTC to disclose for each Asserted Claim of a patent, the "facts and circumstances surrounding the first conception and first reduction to practice including the date of first conception and first reduction to practice." FFR now seeks to transform Interrogatory No. 2 into a contention interrogatory by asking what part of those files RTC intends to rely on to support its contentions regarding a particular date of conception and reduction to practice and to explain how those files support RTC's contentions (FFR's Rule 37.2 Letter at 1). This we will not allow. By March 11, 2020, RTC shall supplement its response to Interrogatory No. 2 to set forth a written response that identifies the specific portions of RTC249871 and RTC249872 that pertain to the first conception and first reduction to practice of each Asserted Claim to which the documents relate, and for such each Asserted Claim, what information those portions provide on those issues. With this modification to the requested relief, we grant FFR's motion to compel (doc. # 416).

[425] 3-4.

## B. FFR's Motion to Preclude

On March 11, 2020 – nearly four months after the close of pre-claim construction fact discovery on November 26, 2019 [180] – RTC served its court-

ordered fifth supplemental response to Interrogatory No. 2. The narrative portion of the response identified earlier conception dates for the '505, '132, and '321 patents than RTC had identified in its initial and first four supplemental responses to Interrogatory No. 2. In particular, the response cited two portions of RTC249871 and RTC249872 for the proposition that Steve Hardy conceived of Claim 9 of the '321 patent and Claims 5, 6, and 8 of the '132 no later than [Conception Date 1], and Claims 1, 7, 9, and 10 of the '505 patent no later than [Conception Date 2].[2]

FFR's pending motion to preclude targets RTC's disclosure of the Earlier Dates. The Court initially denied the motion without prejudice pending the meet and confer process required by the Court's protocol. [464]. The Court set a schedule for that process, limiting the issue to be addressed to "FFR's assertion that RTC should not be permitted to assert conception and reduction to practice dates that FFR says RTC first disclosed in a Court-ordered supplemental response to Interrogatory No. 2 that was served on 03/11/20." [464]. Following the meet and confer on June 12, 2020 [483-2], and subject to delays resulting from the pandemic, FFR filed the instant motion to preclude on June 19, 2020 [482, 483].

## Legal Standard

Fed. R. Civ. P. 26(e)(1)(A) requires that "[a] party . . . who has responded to an interrogatory . . . must supplement or correct its disclosure or response: (A) in a timely

---

[2] Because the parties have designated these dates "highly confidential," and because the specific dates themselves are not necessary to understanding the Court's ruling, the Court does not set forth Conception Date 1 and Conception Date 2 in this order. Rather, the Court will refer to these dates, which are cited in the parties' sealed filings, *e.g.* [483] 27-28, as the "Earlier Dates."

manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." The Local Patent Rules supplement Rule 26 and require that "[a] party asserting a claim of patent infringement shall produce . . . all documents concerning the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or a priority date otherwise identified for the patent in suit, whichever is earlier" with its Rule 26(a) initial disclosures. Local Patent Rule 2.1(a)(2).

Under Fed. R. Civ. P. 37(c)(1), "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Rule 26(e) requires a party to *timely* supplement its initial disclosures and discovery responses when it learns of new information or information that renders an earlier response inaccurate." *Sys. Dev. Integration, LLC v. Computer Sci. Corp.*, No. 09–CV–4008, 2012 WL 2953063, *2 (N.D. Ill. July 19, 2012) (emphasis original). "[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified [or] harmless." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004). "District courts have broad discretion to determine whether [a party's] failure to comply with Rule 26(e) is substantially justified or harmless." *Sys. Dev. Integration*, 2012 WL 2953063 at *2.

## Discussion

FFR argues that RTC should be precluded from asserting or relying on the Earlier Dates to establish conception and reduction to practice. According to FFR, RTC did not identify the Earlier Dates as dates of conception or reduction to practice before pre-claim construction discovery closed; rather, RTC first did so nearly four months after the close of discovery, in its fifth supplemental response to Interrogatory No. 2. FFR acknowledges that RTC cited two CAD files – RTC249871 and RTC249872 – as part of the Rule 33(d) section of its fourth supplemental response, and that these files contain drawings marked with the Earlier Dates. But FFR argues that this was insufficient to put it on notice that RTC was asserting such conception and reduction to practice dates because (1) the files were among 229 documents identified by RTC that "contain[ed] a wide array of dates covering nearly every month between [the Earlier Dates] and September 2, 2011"; and (2) RTC represented that FFR did "'not need to review'" the Rule 33(d) documents because RTC already "'provided this information'" – the conception and reduction to practice dates – "'in its written response to Interrogatory No. 2.'" [494] 4 (quoting [417-1] 6).

RTC responds that it "repeatedly disclosed" the Earlier Dates as dates of conception and reduction to practice before discovery closed. [503] 3. It contends that its Local Patent Rule 2.1 disclosures, its pre-March 2020 responses to Interrogatory No. 2, the deposition testimony of Steve Hardy and other witnesses, and documents it produced to FFR all disclosed the Earlier Dates. [*Id.*] 5-8. RTC also emphasizes that its narrative response to Interrogatory No. 2 identified the dates of conception

7

and reduction to practice as being "no later than the earliest filing dates for the patent applications that became the patents-in-suit," which was accurate and implied that the respective dates for each patent could have been earlier than September 2011 and January 2013. [*Id.*] 5. Because there was no failure to disclose the dates, RTC argues, there is no basis to preclude RTC from relying on the Earlier Dates as dates of conception and reduction to practice dates.

## A. RTC Failed to Provide Information Required by Rule 26

It is undisputed that the narrative portions of RTC's initial and four supplemental responses to Interrogatory No. 2 did not identify the Earlier Dates as dates of conception or reduction to practice.[3] The only question, therefore, is whether RTC adequately disclosed those dates elsewhere, such that FFR was or should have been on notice that RTC intended to rely on those dates of conception or reduction to practice. For several reasons, the Court finds that RTC did not do so.

## 1. Rule 33(d) Disclosures

RTC emphasizes that, from its first response to Interrogatory No. 2 through each of its supplements, it has "consistently responded with both a narrative and an identification of specific documents." [503] 4 (internal emphasis omitted). According

---

[3] RTC argues in a footnote that "[i]f FFR believed RTC's 'no later than' response was insufficient, the time to have raised that was in October 2017 with RTC's first response (Ex. 3) or in December 2018 with RTC's first supplemental response (Ex. 6), and not years later long after fact discovery closed." [503] 5 n.2. I disagree. As FFR points out, "'[t]he filing of a patent application serves as conception and reduction to practice.'" 494 [7] (quoting *Hyatt v. Boone*, 146 F.3d 1348, 1352 (Fed. Cir. 1998)). For that reason, there was nothing necessarily objectionable about RTC's response that it had conceived of and reduced its patents to practice "no later than the earliest filing dates for the patent applications," and it was not unreasonable for FFR to understand from RTC's repeated citation of the filing dates that it was relying on those dates to establish conception and reduction to practice.

8

to RTC, these responses informed FFR that RTC had "produced documents under Federal Rule of Civil Procedure 33(d) from which FFR may derive or ascertain additional information responsive to this interrogatory." [*Id.*] 3-4 (internal quotation marks omitted). RTC contends that FFR's motion to preclude "addresses only RTC's narrative responses" to the interrogatory and "ignores RTC's identification of documents under Rule 33(d) and the information they provide." [*Id.*] 5.

The Court disagrees that RTC's Rule 33(d) disclosures sufficed to put RTC on notice that RTC was relying on dates of conception and reduction to practice as early as the Earlier Dates.

> Civil Rule 33(d) provides that:
>
> if the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
>> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as the responding party could; and
>>
>> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d).

RTC's argument fails because RTC has not shown that FFR's "burden of deriving or ascertaining the answer" to Interrogatory No. 2 from the voluminous documents that RTC produced is "substantially the same" as its own minimal burden

9

of simply stating the dates of conception and reduction to practice in a narrative response to that interrogatory.

The Court agrees with the reasoning in *Milwaukee Elec. Tool Corp. v. Snap-On, Inc.*, Case No. 14-CV-1296-JPS, 2017 WL 3130414, *3 (E.D. Wisc. July 24, 2017), a case cited by FFR but not meaningfully distinguished by RTC, that answering an interrogatory like FFR's Interrogatory No. 2 "with actual or approximate dates" of conception or reduction to practice "is simple." For one thing, the information on which the answer depended was in RTC's control, given that RTC employs the alleged inventor of the patents at issue, Steve Hardy. For another, RTC has not given a reason, let alone a satisfactory one, for failing to identify the actual or approximate dates of conception and reduction to practice in the five responses to Interrogatory No. 2 that it served before discovery closed. *Compare Beckman Coulter, Inc. v. Sysmex Am., Inc.*, Case No. 18-CV-6563, 2019 WL 1875356, *2 (N.D. Ill. Apr. 26, 2019) (recognizing that a party may rely on "an estimate of dates" for conception and reduction to practice, provided that it "cannot in good faith pick a precise date") (internal quotation marks omitted).

In contrast, "[a]rriving at what those dates [of conception and reduction to practice] are is much more complex" because it turns on a party's "assessment of the legal standards governing conception and reduction to practice." *Milwaukee Elec.*, 2017 WL 3130414 at *3. That complexity was only magnified here by the voluminous nature of the Rule 33(d) disclosures and the range of dates that the documents encompassed. For example, RTC's Exhibit 13 – a "non-exhaustive sampling of

10

additional representative documents RTC identified in response to Interrogatory No. 2" – contains documents that are dated at many different points between the Earlier Dates and September 2011. [483-1] 25-154. FFR also points out that RTC249871 and RTC249872 contained "several hundred unique drawings and several thousand components." [483] 8.

On these facts, RTC's Rule 33(d) productions were insufficient to disclose RTC's reliance on the Earlier Dates as dates of conception or reduction to practice because FFR "cannot be expected to divine [RTC's] position from the documents produced." *Milwaukee Elec.*, 2017 WL 3130414 at *3; *accord Beckman Coulter*, 2019 WL 1875356 at *2 (adopting reasoning of *Milwaukee Elec.*).

The Court's conclusion is consistent with the underlying purpose of the Local Patent Rules, which "are meant to prevent a 'shifting sands' approach to claim construction by forcing the parties to crystallize their theories of the case early in litigation." *Beckman Coulter*, 2019 WL 1875356 at *2 (internal quotation marks omitted). As was true of the plaintiff in *Beckman Coulter*, here RTC's theory "is that its patent was conceived of and reduced to practice before the patent filing date." *Id.* FFR thus had "a right to know the dates underlying this theory so that it c[ould] respond" and conduct appropriate discovery. *Id.* Yet RTC never identified those dates in the narrative responses it made before the close of pre-claim construction discovery, and FFR could have found the dates (without necessarily understanding their significance) only among a trove of documents that included many other dates.[4]

---

[4] In so holding, the Court does not adopt or rely on a rule that the plaintiff in a patent infringement case has an affirmative, freestanding obligation to disclose specific dates of

Finally, the Court would be remiss if it did not underscore the misleading nature of RTC's representation that FFR did "not need to review [RTC249871 and RTC249872] to determine the conception and reduction to practice dates because . . . RTC already provided this information in its written response to Interrogatory No. 2." [417-1] 6. Having previously claimed that there was no need for FFR to review these Rule 33(d) disclosures to determine conception and reduction to practice dates, RTC now has no basis to claim that these same documents should have put FFR on notice of the Earlier Dates.

## 2. Initial Disclosures and Deposition Testimony

Second, the Court reaches the same conclusion with respect to RTC's initial disclosures under the Local Patent Rules. [483-1] 168-178. That these disclosures included documents marked with the Earlier Dates does not mean that FFR knew or should have known that RTC was relying on those dates as conception or reduction to practice dates: FFR "cannot be expected to divine [RTC's] position from the documents produced," especially given the minimal burden on RTC of identifying conception and reduction to practice dates. *Milwaukee Elec.*, 2017 WL 3130414 at *3; *see Beckman Coulter*, 2019 WL 1875356 at *2 (same).

---

conception or reduction to practice. Although FFR cited cases from the Northern District of California that obligate the plaintiff to do so [494] 7-8, those cases are distinguishable because they interpret that court's Patent Local Rules to require such a disclosure. *E.g.*, *Harvatek Corp. v. Cree, Inc.*, No. C 14-05353-WHA, 2015 WL 4396379, *2 (N.D. Cal. July 17, 2015) ("Patent L.R. 3-1(f) requires a patent holder to assert a specific date of conception, not a date range."). Instead, and in accordance with *Milwaukee Elec.* and *Beckman Coulter*, the Court finds that RTC had to identify specific conception and reduction to practice dates because its theory is that its patent was conceived of and reduced to practice before the patent filing date, and requiring FFR to divine the dates of conception and reduction to practice from RTC's Rule 33(d) disclosures imposed a substantial, and unfair, burden on FFR.

Third, the Court has reviewed the cited portions of Hardy's and the other witnesses' deposition transcripts that RTC claims disclosed the Earlier Dates [483-1] 183-189, 201-204, 276-280; [501] 10, and finds that this testimony does not establish that FFR was aware of the Earlier Dates for the reasons given in FFR's supplemental brief. [494] 6-7.

*　*　*

For these reasons, the Court finds that RTC's initial and supplemental answers to Interrogatory No. 2 failed to disclose the Earlier Dates as conception and reduction to practice dates.

### B. RTC's Fifth Supplemental Response Was Untimely

Because RTC did not identify the Earlier Dates until its fifth supplemental response to Interrogatory No. 2, and because that response was filed long after pre-claim construction discovery had closed, the response was untimely for purposes of Rule 26(e)(1)(A). *Heidelberg Harris, Inc. v. Mitsubishi Heavy Indus., Ltd.*, No. 95 C 673, 1996 WL 680243, *8 (N.D. Ill. Nov. 21, 1996) ("If a party is allowed to withhold the supplementation of its discovery responses until after fact discovery is closed, the purpose of the Rule is effectively frustrated because the opposing party is denied the opportunity to conduct discovery on the supplemented responses.").

That RTC served its fifth supplemental response pursuant to this Court's prior order does not change the result, as RTC wrongly insists. [503] 7. Notably, FFR moved to compel RTC to specify which portions of RTC249871 and RTC 249872 RTC "intends to rely on to support *its September 2, 2011 conception and reduction to practice*

13

*contentions*[.]" [416] 1 (emphasis added). In ordering RTC to provide that information, the Court did not invite, let alone authorize, RTC to disclose conception or reduction to practice dates that were earlier than September 2, 2011.

### C. The Untimely Supplement
### Was Neither Substantially Justified Nor Harmless

The Seventh Circuit considers four factors to determine whether an untimely disclosure was substantially justified or harmless: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012). "The offending party bears the burden to show that its Rule 26 failure is substantially justified or harmless." *PCM Leasing, Inc. v. BelGioso Cheese, Inc.*, No. 16 CV 50076, 2019 WL 4567576, *3 (N.D. Ill. July 11, 2019).

At the outset, the Court finds that RTC has not offered a valid justification for identifying the Earlier Dates for the first time in its fifth supplemental response. The documents establishing these dates were in RTC's possession and created by RTC employees, and in any event patent holders like RTC "should already know the conception date of a patented invention prior to commencing litigation." *Harvatek*, 2015 WL 4396379 at *3.

Considering the four factors set out in *Trimble*, moreover, the Court concludes that RTC's belated disclosure of the Earlier Dates harmed FFR.

14

First, FFR based two of its defenses in the case – incorrect inventorship and inequitable conduct – partly on the September 2, 2011 date identified in RTC's initial response to Interrogatory No. 2 and its Preliminary Infringement Contentions. [494] 9. According to FFR, developing these defenses entailed, *inter alia*, (1) filing and briefing two contested motions (one for leave to amend its answer to add affirmative defenses and counterclaims [191] and one for leave to amend its final unenforceability and invalidity contentions [329]); (2) deposing at least five witnesses involved in the incorrect inventor defense [494] 9 (list of witnesses); and (3) preparing a lengthy response to RTC's interrogatory laying out the defense [483] 123-77. Many of these steps would have to be redone if RTC were permitted to rely on the Earlier Dates, FFR contends, and it would need to serve new email requests and requests for production, because FFR was unaware that RTC was claiming conception or reduction to practice dates earlier than September 2, 2011. [494] 9-10.[5]

RTC argues that FFR could not have been harmed or surprised by the March 2020 disclosure because (1) FFR already knew about the Earlier Dates from RTC's Rule 33(d) disclosures, and (2) the March 2020 disclosure was made "pursuant to a Court order[.]" [503] 9. I have already rejected these arguments above, and they have no more merit in the context of measuring the harm to FFR.

Second, the Court finds that FFR could not cure the harm identified above without reopening discovery, and incurring substantial costs, to target its defenses at

---

[5] In considering the harm to FFR, the Court disregards its concerns "about the authenticity" of RTC249871 and RTC249872, [494] 10-11, because that issue is outside the scope of the pending discovery dispute as defined by the Court's prior orders. [464, 470].

the Earlier Dates. This factor therefore weighs in favor of harmfulness. As for the third factor, the Court recognizes that a trial date has not been set, and that the district court has not issued a claim construction ruling. [503] 11. Nevertheless, the violation here would delay the ultimate resolution of the case because curing it would require more discovery. The third *Trimble* factor thus weighs in favor of harmfulness. Finally, while there is not enough evidence to find that RTC acted in bad faith, the belated disclosure was at the very least willful. RTC knew or should have known of the belatedly disclosed conception and reduction to practice dates when the case began. *See Harvatek*, 2015 WL 4396379 at *3. Indeed, RTC's argument that FFR should have discerned from its initial disclosures under the Local Patent Rules that RTC was relying on the Earlier Dates to prove conception and reduction to practice confirms that this was the case. Moreover, RTC's representation that "FFR does not need to review [RTC249871 and RTC249872] to determine the conception and reduction to practice dates because . . . RTC already provided this information in its written response to Interrogatory No. 2" was misleading at best and supports my conclusion that the failure to disclose was knowing and purposeful. The final *Trimble* factor weighs heavily in favor of finding the violation to be harmful.

For these reasons, the Court finds that RTC's failure to identify the Earlier Dates as dates of conception and reduction to practice was neither justified nor harmless.

16

### D. Sanction

FFR argues that RTC should be precluded from (1) asserting or relying on a conception or reduction to practice date (a) prior to September 2, 2011 for the '505, '132, and '321 patents and (b) prior to January 28, 2013 for the '957 patent, and (2) relying on RTC249871, RTC249872, or any other document offered to support a claim that Steve Hardy conceived, reduced to practice, or otherwise invented the '505, '132, and '321 patents before September 2, 2011 or the '957 patent before January 28, 2013. [494] 12.

RTC responds that such a sanction is "overbroad and overreaching on its face." [503] 11. It reasons that the discovery violation here concerns only its disclosure in March 2020 of the Earlier Dates for the '132, '321, and '505 patents and those parts of RTC249871 and RTC249872 that support such dates. Although its argument on this point is unclear (as it does not propose a different or more narrowly tailored sanction, thereby denying both FFR a chance to respond to such a sanction and the Court the opportunity to consider it), RTC seems to suggest that it should not be precluded from relying on conception or reduction to practice dates after the Earlier Dates but before September 2, 2011 for the '132, '321, and '505 patents.

The Court rejects that argument and will order the full scope of preclusion sought by FFR. If RTC's theory was that "its patent was conceived of and reduced to practice before the patent filing date," then FFR "ha[d]a right to know the dates underlying this theory." *Beckman Coulter*, 2019 WL 1875356 at *2. Yet RTC did not identify any date besides September 2, 2011 in the five responses it made to

17

Interrogatory No. 2 before pre-claim construction discovery closed in November 2019. And the burden it imposed on FFR to "divine [its] position" from the manifold and voluminous disclosures it made during discovery was far out of proportion to the minimal burden on RTC to simply identify the dates. *Id.* In these circumstances, it is appropriate to lock RTC in to the only conception and reduction to practice dates it disclosed during discovery – September 2, 2011 for the '505, '132, and '321 patents and January 28, 2013 for the '957 patent – and preclude it from relying on any earlier date. *See id.*, 2019 WL 1875356 at \*3 (requiring plaintiff to "identify specific date(s) [it] intends to rely on to show reduction to practice and conception" where plaintiff had previously identified the conception dates as "about October 2, 1996" and the reduction to practice date as "spring of 1997").

## Conclusion

FFR's motion to preclude [482] is granted. In accordance with Fed. R. Civ. P. 37(c)(1), RTC is hereby precluded from relying on or asserting in any motion, hearing, or trial a conception or reduction to practice date (1) prior to September 2, 2011 for the '505, '132, and '321 patents and (2) prior to January 28, 2013 for the '957 patent. RTC is further precluded from relying on RTC249871, RTC249872, or any other document offered to support a claim that Steve Hardy conceived, reduced to practice, or otherwise invented the '505, '132, and '321 patents before September 2, 2011 or the '957 patent before January 28, 2013.

_____

**HEATHER K. McSHAIN**
**United States Magistrate Judge**


**DATE: August 19, 2020**